**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAMERON GAMBLE,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 2:26-cv-00654**<br>**Judge Michael H. Watson**<br>**Magistrate Judge S. Courter M. Shimeall** |
| **THE CITY OF COLUMBUS, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Cameron Gamble,[1] proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against the City of Columbus (the "City"), and Columbus Police Officers Sean Evans, Ryder, Mussier and "John/Jane Doe Defendants" arising from an incident that is alleged to have occurred on January 1, 2022, at a Circle K in Columbus, Ohio. (ECF No. 1-1.) Plaintiff also has submitted a request to proceed *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), this matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) to identify cognizable claims and/or to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Having performed the initial screen,

[1] Based on the name in the case captions of his Motion to Proceed *in forma pauperis* and the Complaint, and as indicated in prior state cases, it appears that Plaintiff goes by Cameron and Cameren.

and as detailed below, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. Plaintiff's Complaint

Plaintiff alleges that on or about January 1, 2022, between approximately 5:00 and 6:00 a.m., he entered a Circle K located at 3200 South High Street in Columbus, Ohio, intending to purchase food. (ECF No. 1-1, at PAGEID #: 5.)

Plaintiff, who is African American, alleges that, while inside the store, store personnel and two white male customers confronted him. (ECF No. 1-1, at PAGEID #: 6.) He alleges that those individuals pushed and struck him, that one used a fire extinguisher against him, and that they took, threw to the ground, or otherwise interfered with his property. (*Id.*) Plaintiff asserts that he attempted to remain nonviolent and waited for police to arrive. (*Id.*) He further alleges that the store clerk directed him to leave while the confrontation continued. (*Id.*)

After Defendants arrived at the scene, Plaintiff alleges that they did not regard him as the victim of an assault, but instead accused him of indecent exposure. (*Id.*) Plaintiff asserts that Defendant Evans detained him and told him that he was going to jail. (*Id.*) He further alleges that Defendant Evans conducted an intrusive search, including by reaching into Plaintiff's underwear and buttocks areas, without a legitimate safety-related justification. (*Id.*)

Plaintiff alleges that the officers decided not to take him to jail, and instead just issued him a citation and transported him elsewhere. (ECF No. 1-1, at PAGEID #: 6.) Plaintiff also alleges that the officers failed to take appropriate action concerning the alleged assault against him and failed to preserve or use available video evidence, including store-surveillance and police body-worn-camera footage. (ECF No. 1-1, at PAGEID #: 7.)

Plaintiff further alleges that he was prosecuted in connection with the January 1, 2022 incident, but that the charge was ultimately dismissed. (*Id.*) He alleges that at the hearing the officers made inconsistent statements, failed to preserve evidence, and that his charge was not supported by evidence. (*Id.*) The Complaint attaches a Franklin County Municipal Court case-information printout for *City of Columbus v. Gamble*, Case No. 2022 CR B 000224 (F.C.M.C. 2022), which supports his contention that the charge was dismissed. Specifically, the record identifies Defendant Evans as the officer complainant and Plaintiff as the Defendant, lists an offense date of January 1, 2022, and reflects a public-indecency charge. (ECF No. 1-1, at PAGEID #: 13.) It further reflects that the charge was dismissed on June 7, 2022, at the prosecutor's request. (ECF No. 1-1, at PAGEID #: 13–14.)

Finally, Plaintiff alleges that the officers treated him differently than the white individuals involved in the incident and that race motivated the police response and prosecution. (ECF No. 1-1, at PAGEID #: 7.) Plaintiff also alleges that the City failed properly to train, supervise, and discipline its officers. (*Id.*)

In his Complaint, Plaintiff asserts claims for: (1) unlawful seizure and false arrest under the Fourth and Fourteenth Amendments; (2) unreasonable search and excessive force under the Fourth Amendment; (3) equal protection/racial discrimination under the Fourteenth Amendment; (4) due process violations under the Fourteenth Amendment; and (5) municipal liability against the City. Based on the allegations in the Complaint, the Undersigned will also liberally construe Plaintiff to bring a Fourth Amendment malicious prosecution claim.[2] He seeks compensatory

[2] The Undersigned further notes that Plaintiff alleges his parole officers interfered with his ability to timely access the court to file the lawsuit. Upon review, however, the Undersigned does not consider this a separate claim because the parole officers are not named as Defendants, Plaintiff does not seek any relief from them, and the purpose of including this information is to support his equitable tolling argument, which will be discussed in more detail below.

damages in the amount of $25 million from the City and $1.5 million from each officer, in addition to punitive damages, among other relief.

### B. Plaintiff's Prior State-Court Litigation

Plaintiff previously litigated claims arising from the January 1, 2022 Circle K incident against the City in the Franklin County Court of Common Pleas. In *Gamble v. Circle K, et al.*, No. 24CV-5843 ("*Gamble I*"), the court dismissed all claims against the City with prejudice on September 4, 2024. *See Gamble I*, Case No. 24 CV 005843, Decision & Entry at 6 (Franklin Cty. Ct. C.P. Sept. 4, 2024). Plaintiff later brought another action arising from the same incident against, among others, the City, the Columbus Division of Police, and Officer Evans. The court held that Plaintiff's claims against the City were barred by claim preclusion because *Gamble I* was a final merits decision involving the same parties, transaction, and claims that were or could have been raised previously. *Gamble II*, Case No. 25 CV 000052, Decision & Entry at 6–7 (Franklin Cty. Ct. C.P. May 14, 2026). The *Gamble II* court alternatively held that Plaintiff's § 1983 claims were barred by the statute of limitations. *Id.* at 8–10.

## II. LEGAL STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, was enacted to allow a person of limited financial means to have access to the courts. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992). However, to prevent abuses of that leniency, the federal district courts must also review all *in forma pauperis* actions and dismiss any lawsuits or causes of action that the Court determines are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill*, 630 F.3d at 470–71 (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations," it does demand "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). Thus, a complaint that asserts only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" will be insufficient. *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (citations and quotations omitted). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, although the Court is to liberally construe *pro se* complaints "and hold such complaints to a less stringent standard than pleadings prepared by attorneys . . . this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting in part *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). The Court "should not have to guess

at the nature of the claim asserted." *Wells*, 891 F.2d at 594. Stated differently, Rule 8 bars "a pleading party from 'cough[ing] up an unsightly hairball of factual and legal allegations, stepp[ing] to the side, and invit[ing] the defendants and the Court to pick through the mess and determine if plaintiffs may have pleaded a viable claim or two." *Hartzell v. Miami Cty. Incarceration Facility*, No. 3:17-CV-63, 2017 WL 2590199, at *2 (S.D. Ohio June 15, 2017) (quoting *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011)).

Finally, "federal courts have an ongoing 'duty to consider their subject matter jurisdiction . . . and may raise the issue *sua sponte*.'" *Howard v. Good Samaritan Hosp.*, No. 1:21-CV-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022) (quoting *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted). Thus, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.* (citing Fed. R. Civ. P. 12(h)(3)).

## III. ANALYSIS

Plaintiff's Complaint fails to state any plausible claim for relief. First, all the claims in Plaintiff's Complaint are barred by the statute of limitations. Second, most of Plaintiff's claims are likewise barred by *res judicata*. Alternatively, Plaintiff otherwise fails to state a claim upon which relief can be granted. Accordingly, his Complaint should be dismissed in full.

### A. **Statute of Limitations Bars Plaintiff's Lawsuit**

Plaintiff's lawsuit is plainly barred by the statute of limitations, and he is not entitled to equitable tolling.

"Although district courts generally do not grant motions to dismiss on statute-of-limitations grounds, 'where one can determine from the face of the complaint that the statute of limitations has run, dismissal is appropriate.'" *Warick v. Tussey*, No. 24-5869, 2026 WL 827024, at *2 (6th

Cir. Feb. 24, 2026) (quoting *Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp.*, 839 F.3d 458, 464 (6th Cir. 2016)); *see also Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024) (recognizing that while a statute of limitations defense is defendant's burden to prove, "plaintiffs can plead themselves out of court on statute-of-limitations grounds if the complaint alleges facts showing that they did not sue in time").[3]

Here, Plaintiff's lawsuit arises out of an incident that occurred on or about January 1, 2022. He asserts only federal constitutional claims against Defendants under 42 U.S.C. § 1983, which has a statute of limitations of two years. *See Coleman v. Hamilton Cnty. Bd. of Cnty. Commissioners*, 130 F.4th 593, 601 (6th Cir. 2025) ("Ohio's two-year statute of limitations for personal-injury suits applies to . . . § 1983 . . . claims."); *Beaver St. Invests., LLC v. Summit Cnty.*, 65 F.4th 822, 826 (6th Cir. 2023) (same). Moreover, even if the Court were to find the statute of limitations, at least for some of his § 1983 claims, did not accrue until the prosecution related to this incident was resolved, that would not solve his problem—his public indecency case was dismissed on June 7, 2022. Thus, at the very latest, Plaintiff's claims ran on June 7, 2024, nearly two years prior to when he filed this lawsuit.

Having twice had his cases dismissed based on (at least in part) statute-of-limitation grounds, Plaintiff attempts to foreclose this avenue of dismissal in his third iteration of this lawsuit.

---

[3] Despite looking to state law for the length of the statute of limitations, "federal law determines when a § 1983 claim *accrues* to trigger the running of this state statute of limitations." *Reguli*, 109 F.4th at 879; *Coleman v. Hamilton Cnty. Bd. of Cnty. Commissioners*, 130 F.4th 593, 602 (6th Cir. 2025). To determine when a claim accrues, the United States Court of Appeals for the Sixth Circuit instructs courts to apply the "discovery rule," meaning that the statute of limitations is triggered for a claim when "the plaintiff discovered, or reasonably should have discovered, basic facts about the claim." *Reguli*, 109 F.4th at 879; *Coleman*, 130 F.4th at 602. *Coleman* calls into question whether the discovery rule does should apply to § 1983 claim accrual, and further highlights the open question of whether the discovery rule, as applied in the Sixth Circuit, requires knowledge of just the injury or both the injury and its cause for accrual to start. *See Coleman*, 130 F.4th at 602. But in this case, the Undersigned need not delve into the intricacies or application of the discovery rule because, as a practical matter, it is clear that Plaintiff knew of his injuries and the causes of such when the incident occurred on January 1, 2022, or at the latest on June 7, 2022, when his public indecency charge arising from the incident was dismissed.

In this case, he argues for equitable tolling of the statute of limitations, contending that during the period "from approximately "[M]arch 3rd 2022 to August 30th 2022 & October 2023 to June 17th 2024" parole officers prevented him from accessing legal resources, the mail, phones, transportation, or a law library to allow him to timely file his lawsuit. (ECF No. 1-1, at PAGEID #: 11.) Plaintiff further alleges that the state court case's motion to dismiss in *Gamble II* was only decided on May 14, 2026, meaning, as he argues, he was pursuing his rights diligently and extraordinary circumstances beyond his control prevented timely filing. (*Id.*).

"[T]he doctrine of equitable tolling permits a court to pause the statute of limitations when some significant impediment beyond the plaintiff's control prevented the plaintiff from filing a timely action." *Wershe v. City of Detroit*, 112 F.4th 357, 364 (6th Cir. 2024). "[T]he equitable tolling inquiry turns 'not on the uniqueness of a party's circumstances or the outrageousness of what they endured,' but instead on 'the severity of the obstacle impeding compliance with a limitations period.'" *Id.* (quoting *Doe v. United States*, 76 F.4th 64, 72 (2d Cir. 2023)). "[B]ecause § 1983 incorporates the statute-of-limitations from the State where the events occurred, federal courts have . . . generally looked to state equitable-tolling rules for § 1983 claims." *Coleman*, 130 F.4th at 607.

Ohio courts rarely apply equitable tolling, and "most frequently when a plaintiff alleges the defendant 'intentionally misled or tricked [the plaintiff] into missing the filing deadline' or where 'extraordinary circumstance stood in his way and prevented timely action.'" *Whitfield v. Runyan*, No. 3:24-CV-252, 2026 WL 815255, at *3 (S.D. Ohio Feb. 4, 2026), *report and recommendation adopted*, No. 3:24-CV-252, 2026 WL 814328 (S.D. Ohio Mar. 24, 2026) (citing *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1012 (6th Cir. 2024)).

In this case, equitable tolling is inappropriate. First, even accepting everything Plaintiff states as true, the date range Plaintiff provided indicates that there was an approximately one-year gap, from September 2022 to September 2023, in which he could have filed a lawsuit but did not do so. Additionally, during the timeframe in which he alleges parole officers interfered, he provides no specific facts concerning what actions they took or did not take, does not provide what legal materials or filings were unavailable, and fails to make clear whether the alleged restrictions made filing *impossible* or just a bit more difficult. Moreover, to the extent he was not incarcerated during the alleged time in question, that further strains the factual plausibility that parole officers completely restricted his ability to file anything for two years. But most importantly, Plaintiff waited until June 1, 2026, to file this lawsuit, nearly two years *after* the last date in which he alleges the parole officers interfered (June 2024),[4] and over four years after the alleged incident took place. Thus, even if equitable tolling may have been appropriate for a period of time during which his access was restricted, his unreasonable delay in filing the lawsuit after the alleged parole officer interference ceased does not constitute diligence in pursuing his claims, fails to qualify as extraordinary circumstances that excuse his late filing, and does not warrant tolling the statute of limitations. Accordingly, Plaintiff's Complaint should be dismissed in its entirety because it is barred by the statute of limitations.

---

[4] To the extent Plaintiff is attempting to argue that he could not have filed his federal lawsuit until after the state court issued a decision, such an argument is misplaced because "§1983 does not require exhaustion of state-court remedies" before filing suit in federal court. *See Franks v. Chairperson*, No. 23-3342, 2024 U.S. App. LEXIS 7869, at *5 (6th Cir. Apr. 2, 2024) (citing *Pakdel v. City & Cnty. of San Francisco*, 594 U.S. 474, 479 (2021) (per curiam)). Likewise, if Plaintiff is asking this court to review the state court's decision, the *Rooker-Feldman* doctrine would act as yet another independent basis as to why Plaintiff is not entitled to proceed in this lawsuit because this Court would lack jurisdiction over such a request. *See, e.g.*, *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) ("The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters.").

**B. *Res Judicata* Bars Plaintiff's Complaint as to the City and the Individual Officers in their Official Capacities**

Separately, *res judicata* principles bar Plaintiff's attempts to relitigate this case, at least as it pertains to the City and the individual officers in their official capacities. *Res judicata* is a legal term that "encompasses 'two distinct doctrines' relating to the "preclusive effect of prior litigation." *Outdoor One Commc'ns LLC v. Charter Twp. of Canton*, 155 F.4th 776, 781 (6th Cir. 2025) (quoting *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 411 (2020)). One doctrine is claim preclusion, under which "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Id.* (citations omitted). The other is issue preclusion, whereby "'a prior judgment . . . foreclos[es] successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'" *Id.* (quoting *Herrera v. Wyoming*, 587 U.S. 329, 342 (2019)). In other words, *res judicata* can prevent a party from trying to re-litigate a case that was already decided or assert claims that should have been brought in a previous case.

*Res judicata* can also apply to judgments from other jurisdictions and levels of court. Indeed, "[f]ederal courts give the same preclusive effect to a state-court judgment as that judgment would receive in the rendering state, meaning that 'if an individual is precluded from litigating a suit in state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court.'" *Moore, Successor Tr. of Clarence M. Moore & Laura P. Moore Tr. v. Hiram Twp., Ohio*, 988 F.3d 353, 357 (6th Cir. 2021) (quoting *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011)). Thus, when faced with a potentially preclusive prior state court judgment, a district court must look to state law to determine whether *res judicata* applies. *Id.* Generally under Ohio law, "claim preclusion bars the litigation of claims that were or could have been litigated in the original action . . . [whereas] [i]ssue preclusion is

more limited, preventing the re-litigation of a specific fact or point previously determined by a court." *Id.* (citing *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St. 3d 59, 862 N.E.2d 803, 806 (2007)).

For purposes of this case, claim preclusion under Ohio law consists of the following four elements:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Moore*, 988 F.3d at 357 (citing *Boggs*, 655 F.3d at 520) (further citations omitted).

Finally, although *res judicata* is generally raised as an affirmative defense, courts can raise the issue *sua sponte* depending on the circumstances, such as when "'a court is on notice that it has previously decided the issue presented.'" *Arizona v. California*, 530 U.S. 392, 412, 120 S. Ct. 2304, 147 L. Ed. 2d 374 (2000); *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 418 (6th Cir. 2011)

As an initial matter, the Court is on notice of Plaintiff's prior litigation because he provides that information in his Complaint (*see* ECF No. 1-1, at PAGEID #: 11), and the Court can otherwise take judicial notice of the state court filings. *See Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (noting that courts may take judicial notice of other court records). Further, upon review of the prior state court litigation, it is apparent that Plaintiff has already litigated claims arising from the January 1, 2022 incident as it pertains to the City and Officer Evans. Indeed, Plaintiff first filed a lawsuit arising from this January 1, 2022 incident in Franklin County Court of Commons Pleas on July 26, 2024, against the City (and other defendants not named in this action). *See Gamble I*, Case No. 24 CV 005843 (Franklin Cty. Ct. C.P.). On September 4, 2024,

the state court dismissed Plaintiff's claims for unlawful search and seizure, due process, and race discrimination brought under 42 U.S.C. § 1983 because (1) he failed to assert sufficient facts to state municipal liability, (2) his § 1983 claims were barred by *Heck v. Humphrey*,[5] (3) he filed the lawsuit more than two years after the incident occurred and related proceeding were concluded, and thus it was barred by the statute of limitations; and (4) his references to 42 U.S.C. § 2000a and 18 U.S.C. § 241 did not provide a private damages remedy against the City. *See Gamble I*, Case No. 24 CV 005843, Decision & Entry (Franklin Cty. Ct. C.P. Sept. 4, 2024).

Subsequently, Plaintiff again litigated against the City, and this time Officer Evans, arising from the same January 1, 2022 incident. *See e.g. Gamble II*, Case No. 25 CV 000052, Decision & Entry (Franklin Cty. Ct. C.P. May 14, 2026). In *Gamble II*, the state court found that Plaintiff's constitutional claims arising from the January 1, 2022 incident were barred by claim preclusion and were otherwise untimely filed. (*Id.*) Additionally, the court held that Officer Evans in his official capacity was not subject to suit. (*Id.*) Both the decisions in *Gamble I* and *Gamble II* constitute valid, final judgment on the merits as to the City.

As such, Plaintiff's claims in this lawsuit against the City and individual officers in their official capacities are barred by *res judicata*.[6] The prior state court judgments were adjudications on the merits, between the same parties. In those actions, Plaintiff asserted claims that were the

---

[5] Plaintiff did not plead that his public indecency charge was dismissed in *Gamble I*.

[6] Ohio courts have found for purposes of official capacity suits against individual government actors that "a government official who is sued in his or her official capacity is in privity with the governmental entity." *Lavon Moore v. Hiram Twp.*, 988 F.3d 353, 359 (6th Cir. 2021) (quoting *Denton v. Bedinghaus*, 2002-Ohio-3273, 2002 WL 1393563, at *4 ¶ 16 (Ohio Ct. App. 2002), *aff'd sub nom. State ex rel. Denton v. Bedinghaus*, 98 Ohio St. 3d 298, 2003-Ohio 861, 784 N.E.2d 99 (Ohio 2003); *see also Stotts v. Pierson*, 976 F. Supp. 2d 948, 962 (S.D. Ohio 2013) (noting the city and the BZA members, in their official capacities, were privies of the BZA for purposes of res judicata). Thus, not only would any official capacity claims be subject to *res judicata* for Officer Evans, but also for Officers Mussier and Ryder as well.

same, similar, or could have been raised in the prior actions. He likewise seeks to re-litigate claims already raised and rejected in state court that arise out of the same January 1, 2022 incident. *See e.g. Doe v. Bd. of Educ. of Fairland Loc. Sch. Dist.*, No. 1:22-CV-44, 2025 WL 860305, at *3 (S.D. Ohio Mar. 19, 2025), *appeal dismissed*, No. 25-3231, 2025 WL 1809818 (6th Cir. June 9, 2025) (applying Ohio's claim preclusion factors to conclude that plaintiff's claims were barred). Accordingly, Plaintiff's claims against the City and the individual officers in their official capacities should be dismissed on the separate basis of being barred by *res judicata*.

**C. <u>Plaintiff's Complaint Fails to State a Claim</u>**

Plaintiff's Complaint otherwise fails to state a claim upon which relief can be granted.

First, as to Officers Ryder, Mussier, and other "John/Jane Doe Defendants," Plaintiff's claims fail the fundamental reason that he does not allege facts to support that they specifically violated any of his rights. *Childress v. City of Cincinnati*, 765 F. Supp. 3d 662, 689 (S.D. Ohio 2025), *clarified on denial of reconsideration*, 823 F. Supp. 3d 787 (S.D. Ohio 2026) (explaining that a plaintiff alleging unconstitutional conduct by multiple defendants must plead what *each* defendant allegedly did in connection with that unconstitutional conduct" and "cannot rely on 'conclusory, vague or general allegations" (citing *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)); *see also Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Here, other than stating that they are parties, Plaintiff does not provide facts to demonstrate how these Defendants independently violated his constitutional rights. As such, Plaintiff's Complaint fails to state a claim upon which relief can be granted as it pertains to Officers Ryder and Mussier in their individual capacities, as well as to "John/Jane Doe Defendants."

Second, Plaintiff fails to state a claim against Officer Evans. Specifically, he fails to state a distinct excessive-force claim because he alleges no officer-applied force beyond the asserted

bodily search; fails to allege facts supporting a plausible equal-protection claim against Officer Evans; and fails to attribute the alleged investigative, evidentiary, or prosecutorial misconduct to Officer Evans personally. As to the alleged intrusive search, Plaintiff does not plausibly allege facts to support a fourth amendment violation—for example, he does not allege that Officer Evans lacked probable cause, that the duration or location of the search was unreasonable, or any inappropriate touching occurred.

Finally, even if not otherwise barred by statute of limitations and *res judicata*, Plaintiff has failed to state a plausible claim against the City under *Monell*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). Here, Plaintiff's allegations fail to establish an unconstitutional policy or custom on the part of the municipal Defendants. He alleges, in only a conclusory manner, that the City "failed to properly train, supervise, or discipline its officers" but provides no additional facts to support his allegations. (ECF No. 1-1, at PAGEID #: 7.) In other words, "[h]e offers only . . . bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive").

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Proceed *in forma papueris* is **GRANTED**. The Undersigned further **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** as barred by the statute of limitations and *res judicata*, and for otherwise failing to state a claim upon which relief can be granted.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**